**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| FENG (FRANKLIN) TAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **Case No.: 2:25-cv-02005-JAR-BGS** |
| | ) | |
| UNIVERSITY OF KANSAS | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff, PROFESSOR FENG (FRANKLIN) TAO, by and through his attorneys, Morvillo Abramowitz Grand Iason & Anello P.C. and Petefish Immel Hird Johnson & Leibold, LLP, respectfully files this Memorandum in Support of Plaintiff's Motion for Leave to File a Second Amended Complaint, and states as follows:

1.      On January 3, 2025, Plaintiff commenced this action against the University of Kansas ("KU") by filing a complaint alleging six claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, 42 U.S.C. §§ 1983 and 1981, and breach of contract.  (ECF No. 1.)

2.      On April 3, 2025—before KU responded to the original complaint—Plaintiff filed a First Amended Complaint with minor changes, adding a few lines solely to clarify that damages claimed for the Title VII and § 1983 discrimination claims included damages under the third-party litigation exception, and adding one clause to clarify the amount of time Professor Tao spent in criminal litigation.  (ECF No. 10.)

3.      On April 17, 2025, KU filed a Motion to Dismiss, raising, among other things, the argument that KU is not a "person" and therefore cannot be sued under 42 U.S.C. § 1983 or § 1981, and that KU is an arm of the state and is subject to immunity.  (ECF No. 15, at 6-8.)

4.      On April 29, 2025, the Court held a status conference and entered a Scheduling Order permitting Plaintiff to file a Second Amended Complaint (if there is consent from KU) or, in the alternative, a motion for leave to file a Second Amended Complaint, by May 30, 2025. (ECF No. 18.)

5.      On May 23, 2025, Plaintiff provided a copy of a proposed Second Amended Complaint, along with a redline against the First Amended Complaint, to KU for review and requested that KU inform Plaintiff whether it would consent to the filing of the Second Amended Complaint.

6.      Attached as Exhibit A is a copy of the proposed Second Amended Complaint.[1] Attached as Exhibit B is a redline reflecting the changes between the First Amended Complaint and the proposed Second Amended Complaint.  Those changes (1) add detail to certain factual allegations, (2) substitute the Chancellor and Vice Chancellor of KU as defendants for the 42 U.S.C. §§ 1983 and 1981 claims, and (3) drop the claim for breach of contract.

7.      On May 29, 2025, KU informed Plaintiff that it "does not oppose the amendment of claims and corresponding allegations against it, while reserving the right to seek dismissal, but does oppose the addition of the new parties and corresponding claims."  When asked for clarification, KU further stated:

> (1) we don't recall that the addition of new parties was ever discussed or suggested by Plaintiff; (2) there is no reason why the individual defendants could not have been included when the case was initially filed and/or when the first amendment

---

[1] The only difference between the proposed Second Amended Complaint attached as Exhibit A and the version shared with KU on May 23 are minor wording edits to Paragraph 7 and Paragraph 67 and clarifying language in the headings for Counts III-VI.

2

was made; and (3) KU isn't going to consent to the addition of claims that are against other persons, who aren't presently in the case and thus can't speak for themselves.

## I.    ARGUMENT

### A.  Legal Standard

Federal Rule of Civil Procedure 15(a)(2) permits amendment of a pleading with leave of court and provides that "court[s] should freely give leave when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Whitehead v. Marcantel*, 766 F. App'x 691, 704-05 (10th Cir. 2019) (quoting *Forman*, 371 U.S. at 182).

Federal Rule of Civil Procedure 20(a) allows permissive joinder of persons as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting Fed. R. Civ. P. 20(a)). "Rule 20(a) is to be construed broadly and joinder of claims, parties, and remedies is strongly encouraged." *Gallup v. Radiant Research, Inc.*, No. 05-CV-2015 (JWL), 2005 WL 950624, at *4 (D. Kan. Apr. 25, 2005) (quotation marks omitted).

When a court is faced with a motion to amend that seeks to join additional parties, it "must consider not only the liberal amendment provisions of Rule 15(a), but also the . . . joinder

provisions of Rule 20(a)." *See Johnson v. Kraft Foods of North America, Inc.*, No. 05-CV-2093 (JWL) (DJW), 2006 WL 8429267, at *1 (D. Kan. Apr. 3, 2006).

### B. Leave to Amend Should Be Granted

KU does not object to amendments relating to claims against it. Nor would it be appropriate to do so given that this is the first amendment after KU filed a motion to dismiss, and the prior amendment was limited to a simple clarification of the damages claim.

KU does object to the filing of the proposed pleading because it substitutes the Chancellor and Vice Chancellor of KU for Plaintiff's §§ 1983 and 1981 claims. KU's position here is perplexing. The substitution is in direct response to KU's arguments in its motion to dismiss that those claims must be brought against "persons." The Chancellor and Vice Chancellor are appropriate parties because they have the authority to hire, terminate, and reinstate professors at KU, and were directly involved in activities pertaining to Professor Tao's termination and lack of reinstatement, including discriminatory conduct.

The argument that there was no prior discussion about new parties is irrelevant because none of the changes proposed were specifically discussed. Instead, Plaintiff provided the actual proposed Second Amended Complaint to KU for review. And it can hardly be a surprise that there was a substitution of Defendants given KU's arguments in its motion.

The suggestion that Plaintiff could have included the Chancellor and Vice Chancellor in the original Complaint or First Amended Complaint is also beside the point because this is the first amendment *after* KU's motion to dismiss, and it is a direct response to arguments made by KU in that motion. Certainly, there is no evidence of undue delay, bad faith, dilatory motive, or futility. This case was only filed earlier this year.

There is also no prejudice to KU because the claims themselves have not changed and both the Chancellor and Vice Chancellor are presumably involved in the litigation given their roles at the University.  *See Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-CV-2616 (KHV) (DJW), 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (Under Rule 15, "undue prejudice" refers to "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant"); *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (undue prejudice "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues").

For the same reason, KU's attempt to distance itself from its own Chancellor and Vice Chancellor defies common sense.  If they truly were "other persons," KU would have no basis to object to amendment.  In any event, the liberal standard for permissive joinder is plainly met. The claims asserted against the Chancellor and Vice Chancellor arise from the same series of occurrences and common questions of law or fact as Professor Tao's claims against KU.

## II.    CONCLUSION

Because Plaintiff satisfies the liberal standard for amendment of its pleading as well as the liberal standard for joinder, Plaintiff respectfully requests that the Court grant leave to file the proposed Second Amended Complaint.

Dated: May 30, 2025                Respectfully submitted,

Matthew Donnelly (23354)
**PETEFISH IMMEL HIRD**
**JOHNSON & LEIBOLD, LLP**
842 Louisiana Street
Lawrence, KS 66044

Phone: (785) 843-0450
Facsimile: (785) 843-0407
Email: mdonnelly@petefishlaw.com


Karen R. King (appearing *pro hac vice*) (3933512)
Catherine M. Foti (appearing *pro hac vice*) (2067585)
Elena R. Syman (appearing *pro hac vice*) (6132294)
**MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO PC**
565 Fifth Avenue
New York, NY 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Emails: kking@maglaw.com; cfoti@maglaw.com;
esyman@maglaw.com

*Attorneys for Plaintiff Franklin Tao*