UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FENG TAO, also known as, Franklin Tao,

    Plaintiff,

    v.

UNIVERSITY OF KANSAS, et al.,

    Defendants.

Case No. 25-2005-JWB-BGS

## MEMORANDUM AND ORDER GRANTING MOTION TO AMEND

This matter comes before the Court on Plaintiff Feng Tao's ("Professor Tao") Motion for Leave to File a Second Amended Complaint. Doc. 21. Plaintiff seeks to amend the operative complaint to add factual allegations, add the Chancellor and Executive Vice Chancellor of the University of Kansas as Defendants, and remove a claim for breach of contract. Defendant, the University of Kansas ("KU"), opposes the motion arguing that there is undue delay. For the reasons stated herein, the motion is **GRANTED**.

**I. Background**

Professor Tao was a tenured associate professor at KU when he was arrested under the Department of Justice's ("DOJ") "China Initiative" in 2019. Doc. 21-1, at ¶¶ 1-4. According to the proposed second amended complaint, the arrest was partially based on allegations from a disgruntled visiting student for not giving her credit on a paper. *Id.* ¶ 48. The anonymous student allegedly demanded $300,000 from Professor Tao and threatened to report him to law enforcement for economic espionage. Professor Tao refused the demand.

In August 2019, Professor Tao was arrested and charged with one count of wire fraud and three counts of program fraud. *Id.* ¶ 69. This was allegedly based on evidence provided by KU

1

which argues that Professor Tao accepted a faculty position at a Chinese university without disclosing this to KU or other federal agencies sponsoring his research. As a result, KU placed Professor Tao on administrative leave and later terminated him. *Id.* ¶ 6. Tao was convicted of making a false statement for not disclosing conflicts of interest. His conviction was later overturned due to insufficient evidence that he materially influenced government agencies. Thus, Professor Tao was acquitted of all charges. However, KU did not reinstate him to his position. *Id.* ¶¶ 104-107.

On January 3, 2025, Professor Tao brought suit for alleged discrimination. The proposed second amended complaint asserts several claims: (1) Title VII - discrimination against KU; (2) Title VII - wrongful termination against KU; (3) § 1983 claims against Douglas Girod (KU Chancellor) and Barbara Bichelmeyer (KU Executive Vice Chancellor); and (4) a § 1981 claim against Chancellor Girod for race discrimination. Professor Tao requests reinstatement, various damages, and attorneys' fees.

Professor Tao filed a first amended complaint as a matter of course on April 3, 2025. Doc. 10. In response to the first amended complaint, KU filed a motion to dismiss arguing that it is not a "person" under 42 U.S.C. §§ 1983 and 1981 and is entitled to sovereign immunity. *See generally* Docs. 14, 15. After KU's motion to dismiss was filed, the Court held a status conference in which it set a deadline of May 30, 2025, for Professor Tao to either file a second amended complaint or move for leave to do so if consent from KU was not obtained. Doc. 18. Professor Tao filed his motion for leave to file a second amended complaint on May 30, 2025. Doc. 21.

KU does not object to the amendments relating to the claims against it but does object to the claims against Chancellor Girod and Executive Vice Chancellor Bichelmeyer. An Initial Order Regarding Planning and Scheduling has not been entered and no schedule has been set. The case is still in its early stages and there is currently no motion to amend deadline. Briefing on the motion to amend is complete and the Court is prepared to rule.

**II.    Legal Standard**

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  When no scheduling order has been entered and there is no deadline to amend the pleadings, a party only needs to meet the standard under Rule 15.

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to freely give leave when justice so requires.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).  *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).  A court may deny leave to amend upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment.  *Foman*, 371 U.S. at 182; *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010).  The party opposing the motion bears the burden to demonstrate why the amendment should not be permitted.  *Painter v. Midwest Health, Inc.*, No. 19-2336-DDC-ADM, 2020 WL 5016878, at *3 (D. Kan. Aug. 25, 2020) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

When a court is faced with a motion to amend seeking to join additional parties, the Court must consider not only the standard under Rule 15(a), but also the joinder provisions of Rules 19 and 20.  *Craig v. Topeka Raintree Apartments, LLC*, No. 24-4104-TC-TJJ, 2025 WL 1580898, at *2 (D. Kan. June 4, 2025).  Rule 19 sets forth the criteria for required joinder while Rule 20 governs permissive joinder.  *Id.*

**III.    Analysis**

      **a.    Joinder of Chancellor Douglas Girod and Vice Chancellor Barbara Bichelmeyer is Proper**

Neither Professor Tao nor KU addresses whether joinder of the Chancellor and Executive Vice Chancellor is required under Rule 19 and the Court does not have sufficient information to make that determination here.  The Court therefore analyzes whether Professor Tao has met the more lenient standard for permissive joiner under Rule 20(a)(2).  *See SourceRock Energy Partners, LP v. Redhawk Advisors, LLC*, No. 21-1299-TC-ADM, 2022 WL 1125565, at *3 (D. Kan. Apr. 15, 2022) (applying Fed. R. Civ. P. 20(a)(2) in ruling on the defendant's motion for leave to join counterclaim defendants).  Rule 20(a)(2) provides that additional defendants may be joined in one action if:

    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B) any question of law or fact common to all defendants will arise in the action.

"The purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'"  *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001).  Under the Federal Rules of Civil Procedure, "joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).  As such, courts liberally construe the joinder provisions of Rule 20.  *SourceRock Energy Partners, LP*, 2022 WL 1125565, at *2.

Professor Tao argues that "the liberal standard for permissive joinder is plainly met.  The claims asserted against the Chancellor and Vice Chancellor arise from the same series of occurrences and common questions of law or fact as Professor Tao's claims against KU."  Doc. 22, at 5.  KU does not address joinder or otherwise refute that joinder is appropriate in its response.

The Court finds that the joinder of Chancellor Girod and Executive Vice Chancellor Bichelmeyer meets the standard for permissive joinder under Rule 20(a)(2).  The first amended

complaint asserted Title VII claims, 42 U.S.C. §§ 1981 and 1983 claims, and a breach of contract claim against KU.  *See generally* Doc. 10.  Those claims arose from what Plaintiff alleges was a pattern of race and national origin discrimination that led to the termination of his contract as a tenured professor.  Specifically, Professor Tao alleged that KU reported him to law enforcement without any good-faith basis, subjected him to unlawful surveillance on behalf of the DOJ, and terminated him in violation of KU's own policies and procedures.  The second amended complaint which seeks to add Chancellor Girod and Executive Vice Chancellor Bichelmeyer as Defendants pursue nearly identical claims.

Professor Tao seeks to amend his pleading to bring the §§ 1981 and 1983 claims against the Chancellor and Executive Vice Chancellor.  Those claims arise out of the same discriminatory conduct alleged in the first amended complaint.  Thus, the claims asserted against the Chancellor and Executive Vice Chancellor arise out of the same occurrence as those against KU and have common questions of law and fact.  Professor Tao's claims against KU are intertwined with his claims against the Chancellor and Executive Vice Chancellor.  The Court therefore finds Plaintiff should be allowed to permissively join Chancellor Girod and Executive Vice Chancellor Bichelmeyer as defendants under Rule 20(a)(2).

## b. Undue Delay is Not Present

KU dedicates most of its brief arguing that Plaintiff exercised "undue delay" in bringing the proposed amendments.[1]  It argues that Professor Tao has known about the Chancellor and Executive Vice Chancellor since the case's inception, and therefore, should not be given leave to add them now.  In response, Professor Tao states that the "case was only commenced six months ago,

---

[1] The Court notes that KU disputes the viability of Professor's Tao's claims.  It states that there are "glaring problems" with the proposed amendments and many of them are "unequivocally barred" by court precedent.  *See, e.g.*, Doc. 23, at 2-3.  Ultimately, it will advance those argument via a motion to dismiss.  Therefore, the Court will not address alleged substantive deficiencies in the claims.

the motion to dismiss was not filed until April 17th, and discovery has not started." Doc. 24, at 2. He further argues that the amendments are made in direct response to KU's motion to dismiss and those amendments will not cause any undue prejudice.

Here, the Court is satisfied that Professor Tao has shown adequate reason for his delay. As mentioned above, Professor Tao's proposed amendments are in direct response to KU's motion to dismiss. Typically, denial is appropriate when the party seeking amendment "has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Professor Tao makes clear that the primary reason for amendment is to forestall dismissal. The Court agrees that he should be given an opportunity to refine his pleading to address issues raised in the motion to dismiss.

Moreover, the case is in its early stages, a scheduling order has not been entered, and discovery has not begun. The early stages of the proceedings weigh against making a finding of undue delay. Further, there is no showing of undue prejudice to KU. The Court must grant leave when "justice so requires" under the Rule 15 standard. Thus, the Court finds that there is no undue delay and Professor Tao should be granted leave to amend his pleading. *See Roberts v. TransAm Trucking, Inc.*, 341 F.R.D. 689, 692 (D. Kan. 2022) (finding no undue delay when the motion was filed before the motion to amend deadline).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint, Doc. 21, is **GRANTED**. Plaintiff is directed to file his Second Amended Complaint, in the same form attached to the motion, by **July 3, 2025**.

**IT IS SO ORDERED.**

Dated June 25, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge