UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FENG TAO, also known as, Franklin Tao,

    Plaintiff,

v.

UNIVERSITY OF KANSAS, et al.,

    Defendants.

Case No. 25-2005-JWB-BGS

### MEMORANDUM AND ORDER GRANTING MOTION TO STAY

This matter comes before the Court on the motion to stay filed by Defendants the University of Kansas, Douglas Girod, and Barbara Bichelmeyer (hereinafter "Defendants").[1] Doc. 36. By way of this motion, Defendants ask the Court to stay all discovery until the District Judge decides their pending motions to dismiss. Plaintiff Feng Tao (hereinafter "Plaintiff") opposes the requested stay. For the reasons discussed herein, the Court **GRANTS** the motion to stay.

**I.     Background**

The factual background of this case was recently summarized in the Court's prior order granting leave to amend. *See* Doc. 26. For that reason, the Court will not repeat the factual allegations herein. The Court will only recite the facts necessary to resolve the dispute.

Plaintiff brought this action against the Defendants on January 3, 2025, for terminating him as a tenured professor. The second amended complaint asserts six claims:

1. Title VII - discrimination against the University of Kansas;

2. Title VII - wrongful termination against the University of Kansas;

3. 24 U.S.C. § 1983 claim for deprivation of procedural due process against the individual Defendants in their official capacities;

---

[1] Douglas Girod and Barbara Bichelmeyer are school administrators employed by the University of Kansas as the Chancellor and Provost & Executive Vice Chancellor, respectively.

1

4. 42 U.S.C. § 1983 claim for deprivation of procedural due process against the individual Defendants in their personal capacities;

5. 42 U.S.C. § 1983 claim for race discrimination in violation of the Fourteenth Amendment against Defendant Girod;

6. 42 U.S.C. § 1981 claim, seeking relief under § 1983, against Defendant Girod for race discrimination.

*See generally* Doc. 27. Plaintiff also requests reinstatement to his tenured position, various damages, and attorneys' fees. In response to the second amended complaint, the Defendants filed motions to dismiss. *See* Docs. 31-34. Defendant the University of Kansas filed a motion to dismiss for failure to state a claim and Defendants Girod and Bichelmeyer filed a motion to dismiss alleging, in part, that they are entitled to qualified immunity.

On August 28, 2025, the Defendants jointly filed the current motion to stay discovery pending the Court's ruling on their motions to dismiss. Defendants argue that Girod and Bichelmeyer's qualified immunity defenses should be ruled upon before proceeding with discovery. They further argue that "proceeding with bifurcated discovery with respect to only KU would be impractical and inefficient." Doc. 36, at 6. Plaintiff opposes the stay primarily arguing that all discovery should not be stayed just because qualified immunity is being asserted as a defense to one of the six claims in the lawsuit. The motion is fully briefed, and the Court is prepared to rule.

II. **Legal Standard**

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166, 81 L.Ed. 153 (1936). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255. Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D.

2

Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 22-2421-JWB-KGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). If one of these circumstances is present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

**III.    Analysis**

Defendants assert that the case should be stayed pending a ruling on Defendants' motions to dismiss because Defendants Girod and Bichelmeyer raise qualified immunity as a defense to Count IV. Qualified immunity is a broad protection that gives government officials a right not only to avoid standing trial, but to also avoid the burden of pretrial matters such as discovery. *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001). Immunity is a threshold issue that allows courts to "weed out" suits before requiring the defendant to expend considerable time and resources to defend the suit. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). A defendant is therefore generally entitled to have questions of qualified immunity resolved before

3

being required to engage in discovery. *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

In this case, the Defendants filed two motions to dismiss. *See* Docs. 31-34. The first motion to dismiss was filed by the University of Kansas which seeks to dismiss Counts I and II (the only claims asserted against the University) for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See* Doc. 31-32. The second motion to dismiss was filed by the school administrators, Girod and Bichelmeyer, which seeks to dismiss Counts III-VI—the remaining claims in the lawsuit. *See* Doc. 33-34. As to Count IV, which is the § 1983 claim asserted against them in their individual capacities, Girod and Bichelmeyer allege they are entitled to qualified immunity. Doc. 34, at 10-13. The crux of Plaintiff's position is that alleging qualified immunity defenses to one of six counts should not be a bar to proceeding forward with some discovery. Plaintiff also presents several subsidiary arguments within that broader framework. The Court will address each argument in turn.

First, Plaintiff argues that alleging a qualified immunity defense as to a single claim should not pause all discovery. They also argue that even if discovery were to be stayed as to Girod and Bichelmeyer, it should still be allowed to proceed against the University of Kansas. It is not entirely clear whether it is Plaintiff's position that some limited discovery can be directed toward Girod and Bichelmeyer for their official capacity claims or whether they only seek to aim discovery toward the University of Kansas. However, under the circumstances, neither position is tenable.

There is no requirement that a qualified immunity defense needs to be asserted against all claims, or even the majority of the claims, when determining whether discovery should be stayed on that basis. The relevant question is whether the claims are sufficiently interrelated that bifurcating discovery would be impractical. For purposes of analyzing the relevant factors, the qualified immunity defense only needs alleged as to one claim in the case. Indeed, courts in this district have

4

found that the entire case should be stayed when qualified immunity defenses are alleged, and the claims are closely related. *See Joritz, v. University of Kansas*, No. 17-4002-SAC-JPO, 2019 WL 13140825, at *2 (D. Kan. July 3, 2019) (affirming magistrate judge' order which found it would "make little sense to bifurcate" discovery into two phases). Similarly, courts also typically stay discovery against all parties when the claims are so related that proceeding against only one party would be impractical and present challenging issues from a discovery perspective. *Doe v. Porter*, No. 24-2341-JWB-BGS, 2024 WL 5187480, at *3 (D. Kan. Dec. 19, 2024) (staying discovery against all party when individual defendants raise qualified immunity defenses); *Sullivan v. USD 512 Shawnee Mission*, No. 24-2491-DDC-BGS, 2025 WL 604991, at *2 (D. Kan. Feb. 25, 2025) (same).

For example, in *Jortiz*, the individual defendants (also university employees) appealed their denial of qualified immunity, while the university defendant did not appeal any issues to the Tenth Circuit. *Joritz v. Univ. of Kansas*, No. 17-4002-SAC, 2019 WL 2207951, at *1 (D. Kan. May 22, 2019). The defendants moved to stay the entire case despite the university not appealing. *Id.* The court found that it would be "more efficient for the parties to conduct discovery surrounding each of those incidents collectively, rather than in a piecemeal, segmented fashion" and that it was not practicable to proceed forward with an initial phase of discovery toward the university, and then a second phase with the individual defendants, particularly with the claims being interrelated. *Id.*

Here, the claims in this case arise from what Plaintiff alleges was a pattern of race and national origin discrimination that led to the termination of his contract as a tenured professor. Each claim in this case arises from the same underlying set of facts. Consequently, this case elicits the same concerns that the court noted in *Joritz*. Bifurcating discovery into two or more phases would create practical difficulties because the factual allegations underlying each claim involve related actions and decision-making by both the school administrators (Girod and Bichelmeyer) and the University of Kansas. Discovery in this case will likely touch upon communications between

5

university officials, to include the two individual defendants, as well as conduct and actions taken by all the Defendants. Proceeding forward with discovery in a piecemeal fashion would impose a substantial burden, invite a flurry of disputes regarding the scope of discovery, and creates a risk of duplicating discovery efforts. As such, the Court favors staying the entire action despite qualified immunity not being alleged as to every claim.

Second, Plaintiff argues that discovery should, nonetheless, proceed because it is speculative that the qualified immunity defense will be successful. Doc. 40, at 1. Plaintiff's argument is without merit. The relevant inquiry is not how strong of an argument Defendants make (or whether it will ultimately be successful), but instead whether the Defendants make a good-faith and legally supported defense of qualified immunity. The briefing on the motion demonstrates that they have a sound legal basis to assert the defense. To be clear, the undersigned is not opining whether their challenge will ultimately be successful, but only that their qualified immunity defense is legally supported and in good faith. *See, e.g., Clay v. Hydro*, No. 19-3245-DDC-ADM, 2020 WL 3429461, at *2 (D. Kan. June 23, 2020) (finding that a stay is appropriate when immunity issues are raised in dispositive motions).

Plaintiff's response relies on *King v. United States* for the proposition that qualified immunity does not automatically warrant a complete discovery stay; however, the *King* case involved a different set of circumstances than are present here. In *King*, the court denied a motion to stay even though qualified immunity was alleged as a defense in a dispositive motion. *King v. United States, et al.,* No. 16-1435-EFM-TJJ, 2017 WL 3723291, at *4 (D. Kan. Aug. 29, 2017). However, the basis for that denial was because plaintiffs detailed their need for discovery to combat the qualified immunity defenses as well as their need to learn the identities of specific parties. *Id.*, at *2-3. The plaintiffs were also able to show that their proposed discovery was very limited to meet the immediate legal challenge and showed how their efforts were thwarted by the defendants. *Id.* Here, unlike in *King*,

Plaintiff does not argue that any discovery is needed to combat the immunity defenses, nor does Plaintiff identify any specific information currently unavailable that would be necessary to respond to the qualified immunity arguments. *See Arnold*, 2019 WL 2438677, at *3 (discovery into the issue of immunity is typically not necessary to counter the arguments raised in motions to dismiss). Consequently, the Court finds *King* inapplicable and distinguishable to the present case.

Having considered all of Plaintiff's arguments, the Court finds that the most prudent course of action is to stay all discovery pending resolution of the dispositive motions. Accordingly, the Court hereby stays discovery and all related Rule 26 proceedings until the District Judge rules on the motions to dismiss.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery, Doc. 36, is **GRANTED**. Discovery and the related Rule 26 proceedings, including the obligation to provide initial disclosures, submit a proposed scheduling order, and attend a scheduling conference, are stayed until the District Judge rules on the Defendants' motions to dismiss. The parties are directed to contact the Magistrate Judge's chambers within 7 days of the District Court's decision so that the undersigned may enter an initial order and set this case for a scheduling conference.

**IT IS SO ORDERED.**

Dated October 30, 2025, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge